### IN THE UNITED STATES DISTRICT COURT
### FOR THE DISTRICT OF KANSAS

KENNETH COUNCE,

      Plaintiff,

v.

                                                     Case No. 13-3199-JTM

RYAN WOLTING, ET AL.,

      Defendants.

### MEMORANDUM AND OMNIBUS ORDER

Before the court are four motions filed by plaintiff: 1) motion to alter or amend the judgment dismissing Counts 14 and 16 (Dkt. 57); 2) motion to reconsider the dismissal of Counts 5, 6, 8 and 10 (Dkt. 60); 3) motion to amend complaint (Dkt. 62); and 4) motion for appointment of counsel (Dkt. 64). For the reasons stated below, the court denies all four motions.

**I.    Motion to Alter or Amend Judgment (Dkt. 57)**

In Dkt. 57, plaintiff asks this court to reconsider its dismissal of Counts 14 and 16. A motion to alter or amend judgment is appropriate only if the moving party establishes: 1) an intervening change in controlling law; 2) the availability of new evidence that could not have been obtained previously through the exercise of due diligence; or 3) the need to correct clear error or prevent manifest injustice. *Servants of Paraclete v. Does*, 204 F.3d 1005, 1012 (10th Cir. 2000). A motion to alter or amend "is not appropriate to revisit issues already addressed or [to] advance arguments that could have been raised in prior briefing." *Id.* It is not "a second chance for the losing party to make its strongest case or to dress up arguments that previously failed." *Voelkel v. General Motors Corp*., 846 F. Supp. 1482, 1483 (D. Kan.), *aff'd*, 43 F.3d 1484 (10th

Cir. 1994). The court has broad discretion to grant or deny a Rule 59(e) motion. *See Phelps v. Hamilton*, 122 F.3d 1309, 1324 (10th Cir. 1997).

Plaintiff argues the court's dismissal of Count 14 (denial of medical care by Dr. Shawn) is contrary to *Al-Turki v. Robinson*, 762 F.3d 1188 (10th Cir. 2014) and *McGill v Correctional Healthcare Companies*, Case No. 13-1080, 2014 WL 2922635 (D. Colo June 27, 2014). The court disagrees. These cases are factually distinguishable and thus, inapposite.

Plaintiff's argument for reinstatement of Count 14 focuses on his injuries. The court, however, dismissed Count 14 because plaintiff's allegations amounted to nothing more than a claim of negligence against Dr. Shawn. Dkt. 51 at 16. Plaintiff's allegations indicate that Dr. Shawn examined him twice, misdiagnosed him with a tooth infection, and prescribed him medication. As to Dr. Shawn's mental state, plaintiff alleged that "Dr. Shawn's actions were a cascade of retaliation and deliberate indifference" to plaintiff's pain and suffering. The court disregards this allegation because it is conclusory. *Khalik v. United Air Lines*, 671 F.3d 1188, 1191 (10th Cir. 2012) (court will disregard conclusory statements and look only to whether the remaining factual allegations plausibly suggest the defendant is liable). Without more, plaintiff's remaining factual allegations do not suggest Dr. Shawn acted with the requisite mental state for a constitutional claim.

Plaintiff argues Count 16, a claim for violation of the Freedom of Information and Privacy Act (FOIPA), should be reinstated because he invoked jurisdiction pursuant to 5 U.S.C. § 522(a)(4)(B) (Dkt. 58) and remedied any technical error by adding Christina D. Troiani as a defendant in the caption (Dkt. 57 at 10). The court dismissed Count 16 because plaintiff alleged that a federal agency deprived him of a constitutional right. To state a § 1983 claim, a plaintiff must allege the constitutional deprivation was committed by a person acting

under a color of state law. *West v. Atkins*, 487 US 42, 48 (1988). Contrary to plaintiff's belief, replacing a federal agency with an agent of that agency does not remedy this defect. The invocation of 5 U.S.C. § 522 also does not establish the "under color of state law" element. And even if the court treated Count 16 as something other than a § 1983 claim, dismissal remains appropriate under the improper joinder rules. *See* Fed. R. Civ. P. 18; *Zhu v. Countrywide Realty Co., Inc.*, 160 F.Supp.2d 1210, 1225 (D.Kan. 2001) (federal rules do not contemplate joinder of different actions against different parties which present entirely different factual and legal issues). Plaintiff is not precluded from litigating this claim, but is simply required to do so in a separate civil action and pay a separate filing fee. *Matson v. Kansas*, No. 11-3192-SAC, 2012 WL 28073, at *4 (D. Kan. Jan. 5, 2012).

## II.     Second Motion to Alter or Amend Judgment (Dkt. 60)

In Dkt. 60, plaintiff asks this court to reconsider its dismissal of Counts 5, 6, 8, and 10. The court dismissed Counts 5 and 6, the excessive force claims against John Doe 1 and 2, after determining that plaintiff's allegations show that they were not state actors and they acted on their own. Plaintiff contends the court overlooked his allegation that John Doe 1 and 2 were following KHP Trooper Wolting's orders since he told them to "Hurry up . . . roll him over." Dkt. 60 at 3. The court finds that single, conclusory sentence insufficient to convert two private civilians into state actors.

The court dismissed Count 8 (denial of access to the courts) because plaintiff provided no dates or details to support this claim and the delay in filing his complaint had no detrimental effect on his § 1983 claims. Plaintiff maintains that he adequately stated a claim for denial of access to the courts when he alleged that he was placed in solitary confinement, denied communication with anyone other than his jailers, and denied access to legal materials and the

law library. Notwithstanding these allegations, the record indicates that he had access to the courts. During his incarceration at Ellsworth County Jail, plaintiff filed motions with the state court and was able to send letters of inquiry regarding the alleged unlawful seizure of his cash and minivan. Additionally, plaintiff fails to address the insufficiency of his allegations as to prejudice and personal participation.

The court dismissed Count 10 (wrongful segregation) because 1) an inmate does not possess a liberty interest in the assignment to a particular custody level or security classification or place of confinement and 2) plaintiff did not sufficiently describe extreme conditions, restrictions, or adverse impacts that show atypical and significant deprivation. Plaintiff argues that he has a liberty interest in not being denied association with other prisoners if for no other reason than if he became ill. Dkt. 60 at 8. The court finds this argument unpersuasive and not a basis for relief under Rule 59(e).

### III.   Motion to Amend Complaint (Dkt. 62)

Plaintiff seeks leave to add Roger Peterson, John Kasper, and Paul J. Kasper as defendants. He states that after filing the Final Amended Complaint, he determined that these individuals should be added as defendants. Although leave to amend is generally freely given, a court may deny leave if the proposed amendment is futile. *Foman v. Davis*, 371 U.S. 178, 182 (1962). "A proposed amendment is futile if the complaint, as amended, would be subject to dismissal." *Lind v. Aetna Health, Inc.*, 466 F.3d 1195, 1199 (10th Cir.2006) (quotation and citations omitted). The court finds the addition of these individuals as defendants futile because any claims against them would be subject to dismissal for lack of personal participation. *Trujillo v. Williams*, 465 F.3d 1210, 1227 (10th Cir. 2006) (a defendant's direct personal responsibility for the claimed deprivation of a constitutional right must be established); *Olson v. Stotts*, 9 F.3d

1475, 1477 (10th Cir. 1993) (affirming district court's dismissal where "plaintiff failed to allege personal participation of the defendants"). Plaintiff wants to add these individuals as defendants simply because they are the named partners of the law firm that defendant Theresa Staudinger was or is a part of. Plaintiff, however, fails to allege any facts showing the personal participation of each of these individuals. Accordingly, the court denies leave to add them as defendants.

**IV.     Motion for Appointment of Counsel (Dkt. 64)**

This is plaintiff's fourth motion for appointment of counsel in this case. Like his previous motions for appointment of counsel, plaintiff asserts that his prisoner status, limited legal knowledge, and the complex nature of this case warrant appointment of counsel. Because this motion presents no issue which the court has not previously considered in deciding whether to appoint counsel, the court denies the motion. The court will summarily deny any future similar motion.

**V.     Improper Pleadings**

Since the court issued the screening order on May 4, 2016, plaintiff has filed a continuous stream of pleadings, including several supplements. In most of these pleadings, plaintiff reiterates his need for an attorney. The court directs plaintiff to refrain from filing duplicative motions or requests.

Additionally, plaintiff's modus operandi is to follow a motion with a supplement of authority. *See* Dkts. 58 and 63. Supplemental authorities are generally limited to authority decided after the motion was submitted. The rule allowing supplemental authorities is not an opportunity for plaintiff to add further or forgotten arguments. The court encourages plaintiff to include all his arguments on a distinct matter in a single pleading. By submitting a continuous stream of filings, plaintiff unnecessarily impairs the court's resources and impedes the orderly

processing of this and other actions. Henceforth, plaintiff must first seek leave to file any supplements. The court will not consider and will strike any future improper pleadings without further discussion.

**IT IS THEREFORE ORDERED** that plaintiff's motions (Dkts. 57, 60, 62, and 64) are **DENIED**.

**IT IS FURTHER ORDERED** that the clerk of the court remove Christina D. Troiana from the case caption.

**IT IS SO ORDERED** this 30th day of June 2016.

                                                    s/ J. Thomas Marten
                                                    J. THOMAS MARTEN, Judge