# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF KANSAS

KENNETH COUNCE,

    Plaintiff,

v.

                                              Case No. 13-3199-JTM

RYAN WOLTING, et al.,

    Defendant.

## MEMORANDUM AND ORDER
## GRANTING MOTION TO DISMISS

Plaintiff Kenneth Counce brings this pro se civil rights action under 42 U.S.C. § 1983, against various defendants, including Theresa L. Staudinger. The matter is now before the court on Staudingers's motion to dismiss pursuant to Fed. R. Civ. P. 12(b)(6) for failure to show that Staudinger acted under color of state law. Dkt. 55. For the following reasons, the court grants Staudinger's motion.

### I.    FACTUAL BACKGROUND

Detailed facts are set out in a previous order. Dkt. 51. The court now repeats only facts necessary for this motion. On October 22, 2013, plaintiff Kenneth Counce was arrested at a rest stop on I-70 by the Kansas Highway Patrol ("KHP"). Dkt. 48. The KHP impounded Counce's vehicle via Randy's Body Shop, which towed and stored the vehicle. Dkt. 48 at 56.

While in custody, Counce talked to various individuals and sent letters to the KHP in an attempt to find the cash and vehicle that he possessed the day of his arrest. Dkt. 48 at 5, 19. On September 11, 2014, defendant Kirk E. Simone, Asset Forfeiture Coordinator for the KHP, informed Counce that his money had been "transferred in [his] name to the Unclaimed Property

Division of the State of Kansas Tresures (sic) office." *Id.* In a letter of the same date, Staudinger, as attorney for Randy's Body Shop, informed Counce that his vehicle was being held subject to satisfying a lien and that Counce owed the shop $8,242.000 as well as an additional $25 per day until the total amount was paid and the vehicle released. Dkt. 48 at 56. On October 2, 2015, Staudinger wrote Counce that Randy's Body Shop had initiated a title inquiry, had discovered that the registered owner of the vehicle was Naim Y. Nagib and requested that "Naim Y. Nagib contact Randy's Body Shop regarding any future inquiry." Dkt. 48 at 56-57.

Counce identifies Staudinger as a "card carrying member of the State Bar of Kansas." Dkt. 48 at 57. He further alleges that Simone "obviously contacted [Staudinger] and advised [her] that he was turning over to the Kansas Tresurer's (sic) Office Counce's $8,400.00, and now was the time … to write Counce and threaten and attempt to extort $8,242.00 from him." Dkt. 48 at 58.

## II.   LEGAL STANDARD

Under Rule 12(b)(6), dismissal of a suit is appropriate when the complaint fails to state a claim on which relief can be granted. Fed. R. Civ. P. 12(b)(6). In order to withstand a motion to dismiss, a complaint must contain enough allegations of fact "to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). In evaluating the motion, the court views all allegations in the complaint as true. *Id.* at 555. Recitations of the elements of a cause of action and conclusory statements are not sufficient. *Ashcroft v. Iqbal*, 556 U.S. 662. 678 (2009). "[The court] will disregard conclusory statements and look only to whether the remaining, factual allegations plausibly suggest the defendant is liable." *Khalik v. United Air Lines*, 671 F.3d 1188, 1191 (10th Cir. 2012). If the remaining factual allegations,

viewed in the light most favorable to the plaintiff, do not raise a claim upon which relief can be granted, the complaint should be dismissed. *Twombly*, 550 U.S. at 555.

In order to state a claim under § 1983, a plaintiff "must show that the alleged deprivation was committed by a person acting under color of state law." *West v. Atkins*, 487 U.S. 42, 48-49 (1988). A defendant acts "under color of state law" when he exercises power "made possible only because the wrongdoer is clothed with the authority of state law." *West*, 487 U.S. at 49.

### III.   ANALYSIS

Counce claims in Count XVII that Staudinger violated his right to be free from unreasonable seizure, deprived him of his property without due process, and conspired with the KHP to steal his money. A private entity that acts jointly with the state to seize property may be considered a state actor where the entity's actions were an "integral part of the deprivation." *Gallagher v. Neil Young Freedom Concert*, 49 F.3d 1442, 1454-55 (10th Cir. 1995). There must be a "sufficiently close nexus between the state and the challenged action" so that the action "may be fairly treated as that of the state itself." *Jackson v. Metro. Edison Co.,* 419 U.S. 345, 346 (1974). There is nothing to indicate that Staudinger's attempt to collect a debt owed to her client had anything to do with the actions or interests of the KHP or any other state agency. The court finds the KHP's seizure of the minivan and Staudinger's collection efforts insufficient to clothe Staudinger with state authority. Staudinger wrote two letters in an attempt to collect a debt on behalf of her client. Courts have held that an attorney is not a state actor with respect to an action taken on behalf of her client. *Shipley v. First Fed. Sav. & Loan Assoc. of Delaware*, 703 F. Supp. 1122, 1130 (D. Del. 1988) (bank attorney's use of the state foreclosure procedure was not state action),  *aff'd*, 877 F.2d 57 (3d Cir. 1989), *cert. denied*, 496 U.S. 938. Finally, though Counce

identifies Staudinger as a member of the Kansas Bar, an attorney is not a state actor simply by virtue of being an officer of the court. *Polk Cty. v. Dodson*, 454 U.S. 312, 318 (1981).

Counce alleges that Staudinger conspired with defendant Simone. To establish a conspiracy claim under § 1983, a plaintiff must allege "specific facts showing an agreement and concerted action among the defendants." *Tonkovich v. Kan. Bd. of Regents*, 159 F.3d 504, 533 (10th Cir. 1998). The allegations must evidence a "specific goal to violate the plaintiff's constitutional rights by engaging in a particular course of action." *Gallagher*, 49 F.3d at 1455. Counce's allegation of conspiracy is predicated on the fact that Simone and Staudinger wrote him letters on the same date. That coincidence alone is insufficient to allege a conspiracy claim. And Counce's allegation that defendant Simone "obviously contacted" Staudinger is conclusory.

In conclusion, Counce has failed to state a claim upon which relief can be granted. Accordingly, the court dismisses Staudinger as a defendant from this action.

**IT IS THEREFORE ORDERED** that defendant Staudinger's motion to dismiss (Dkt. 55) is **GRANTED**.

**IT IS SO ORDERED** this 4th day of August 2016.

s/ J. Thomas Marten
J. THOMAS MARTEN, Judge