**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF KANSAS**

KENNETH COUNCE,

       Plaintiff,

v.

                                      Case No. 13-3199-JTM

RYAN WOLTING, ET AL.,

       Defendants.

**MEMORANDUM AND ORDER STAYING DISCOVERY**

Before the court is defendants Tracy Ploutz and David Chamberlain's motion to stay discovery in this case until their anticipated motion to dismiss that will raise a qualified immunity defense is resolved. Dkt. 90. Plaintiff Kenneth Counce has not filed a response to the motion to date and the time to do so has expired. D. Kan. Rule 6.1(d). As a result, the court may grant this motion as uncontested without further notice. D. Kan. Rule 7.4.

Even if plaintiff had opposed the motion, the court finds that staying discovery in this case, until further notice, is appropriate. The decision to stay discovery and other pretrial proceedings is firmly vested in the sound discretion of the trial court. *Pet Milk Co. v. Ritter*, 323 F.2d 586, 588 (10th Cir. 1963). The general policy in this district is not to stay discovery even though dispositive motions are pending. *McCoy v. U.S.*, No. 07–2097–CM, 2007 WL 2071770, at *2 (D. Kan. July 16, 2007); *Wolf v. U.S.*, 157 F.R.D. 494, 495 (D. Kan. 1994). It is well-settled, however, that a defendant is entitled to have a question of immunity resolved before being required to engage in discovery and other pretrial proceedings. *See Siegert v. Gilley*, 500 U.S. 226, 232–33 (1991) (until the threshold immunity question is resolved, discovery and other pretrial proceedings should not be allowed); *Workman v. Jordan*, 958 F.2d 332, 336 (10th Cir.

1992) (when a defendant asserts qualified immunity, the court should grant the defendant's request for stay of discovery until the immunity issue is resolved). Qualified immunity "spare[s] a defendant not only unwarranted liability, but unwarranted demands customarily imposed upon those defending a long drawn out lawsuit." *Siegert*, 500 U.S. at 232. Further it is "an immunity from suit rather than a mere defense to liability[,] and like an absolute immunity, it is effectively lost if a case is erroneously permitted to go to trial." *Id.* at 233.

Given the nature of plaintiff's claims, the court anticipates that many of the defendants, if not all, will raise an immunity defense. Indeed, defendants Arnold, Bruce, Dernovish, Sauer, Simone, and Wolting have raised qualified immunity in their recently filed motion to dismiss. Dkt. 100. The court finds that temporarily staying discovery as to all parties until the resolution of the immunity issues is appropriate in this case. *Howse v. Atkinson*, 04–2341GTV–DJW, 2005 WL 994572 (D. Kan. April 27, 2005) (finding bifurcation of discovery would be inefficient, and the risk of prejudice to defendant who has not asserted an immunity defense outweighs any risk of prejudice to plaintiff from a temporary stay of discovery as to all parties); *Kutilek v. Gannon*, 132 F.R.D. 296, 298 (D. Kan. 1990) ("It is appropriate to stay discovery until a pending dispositive motion is decided, especially where the case is likely to be finally concluded as a result of the ruling thereon; where the facts sought through uncompleted discovery would not affect the resolution of the motion; or where discovery on all issues of the broad complaint would be wasteful and burdensome."); *Wolf*, 157 F.R.D. at 494 (same).

**IT IS THEREFORE ORDERED** this 12th day of September, 2016, that defendants' motion to stay discovery (Dkt. 90) is **GRANTED**.

**IT IS FURTHER ORDERED** that all discovery is hereby stayed in this case until such

2

time as the court rules on the immunity issues.

s/   J. Thomas Marten
J. THOMAS MARTEN, Judge