IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

KENNETH COUNCE,

    Plaintiff,

v.

                                  Case No. 13-3199-JTM

RYAN WOLTING, ET AL.,

    Defendants.

**MEMORANDUM AND ORDER DENYING ENTRY OF DEFAULT**

Before the court is plaintiff's motion for entry of default judgment against defendants John Doe 3 and 4 (Dkt. 102). Plaintiff claims that "[m]ore than 20 days have elapsed since the date on which Defendants John Doe 3 and 4, a/k/a Ellsworth County Deputy Sheriffs, herein were served with summons and a copy of Plaintiff's complaint . . . " and that they have failed to answer or otherwise defend. *Id.* at 2. The court denies this motion as frivolous.

Default judgments cannot be entered against unnamed or fictitious parties because they have not been properly served. *Flythe v. Solomon & Strauss, LLC*, Case No. 09-6120, 2011 WL 2314391, at *1 (E.D. Pa. June 8, 2011) (collecting cases); *Sanders v. Gilbert*, 46 F.3d 1145 (9th Cir. 1995) (entry of default judgment is inappropriate against a fictitious party defendant). Service upon a fictitious person is impossible for an obvious reason – that person does not exist. Courts permit plaintiffs to use fictitious names in their complaint when they do not know the identity of the defendants, but provide sufficient details to indicate that the identity of the unknown defendants may be revealed through the discovery process. *Bivens v. Six Unknown Named Agents of Fed. Bureau of Narcotics*, 403 U.S. 388 (1971). The plaintiff, however, must eventually identify the unknown defendants to serve process on them. *Scott v. Hern*, 216 F.3d

897, 912 (10th Cir. 2000) (Fed. R. Civ. P. 4(m) authorizes dismissal without prejudice where plaintiff fails to identify unnamed police office and serve process on them). Service cannot occur until the plaintiff identifies the unknown defendant.

In this case, the clerk's office mistakenly issued a summons addressed to a fictitious name. In any event, plaintiff's reliance upon the Summons Returned Executed (Dkt. 76) is misplaced. That return does not show that John Does 3 and 4 were served with process. That summons was sent to "John/Jane Doe, Kansas Highway Patrol, Supervisors and Watch Commander" at KHP headquarters, not John Doe 3 and 4 at the Ellsworth County jail. Even if they were the addressees, it is unclear who signed "JUSTICE" on the receipt and there is no evidence that person had authority to sign on Doe 3 and 4's behalf. Neither the "Agent" nor the "Addressee" box was marked. That Summons Return illustrates that serving process on a fictitious person is impossible. Moreover, plaintiff has no basis to state "Defendants are not in the military service . . .[,]" when he does not even know who they are. Accordingly, the court finds plaintiff is not entitled to default judgment against Joe Doe 3 and 4 pursuant to Fed. R. Civ. P. 55.

Because plaintiff is incarcerated, the court will assist him with identification of these defendants. Plaintiff described John Doe 3 and 4 as follows in the Final Amended Complaint (Dkt. 48): "[Doe 3] was present at the Ellsworth County Jail on the morning of October 22, 2013, during plaintiff's interrogation," and "[Doe 4] was present at the . . . jail . . . on the morning of October 22, 2013, and escorted defendant (fnu) Arnold's company car, with the plaintiff in the front seat, back to the Ellsworth County Jail." Dkt. 48 at 2-B. Defendant Tracy Ploutz, the Sherriff of Ellsworth County Sheriff's Office, should be able to identify John Doe 3 and 4 based on that description. Thus, the court will order defendant Ploutz to review the Sheriff's Office

records and file a report with the court identifying John Doe 3 and 4, or explain why he cannot do so. The court cautions plaintiff that he ultimately bears the burden of identifying the unknown defendants and serving process on them.

Pursuant to Rules 4(m) and 15(a)(2), the court grants plaintiff until November 21, 2016, to file a motion to amend the complaint for the sole purpose of identifying the unknown defendants and complete service upon them. This is not an opportunity for plaintiff to raise or assert new claims. If plaintiff cannot complete these tasks, he must show good cause for the failure before the stated deadline expires. The failure to complete service as required herein may result in dismissal of the claims against John Doe 3 and 4 without prejudice. Any request for an extension must also be filed before the deadline expires, must include details regarding plaintiff's efforts to identify and serve process on Doe 3 and 4, and must set forth good cause for the failure. The court warns plaintiff that prisoner status and indigency will not constitute good cause.

**IT IS THEREFORE ORDERED** this 21st day of September, 2016, that plaintiff's motion for entry of default (Dkt. 102) is **DENIED**.

**IT IS FURTHER ORDERED** that defendant Tracy Ploutz shall file the above requested report by October 21, 2016.

**IT IS FURTHER ORDERED** that plaintiff is granted until November 21, 2016, to identify John Doe 3 and 4 and serve them with process.

s/   J. Thomas Marten  
J. THOMAS MARTEN, Judge