IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

KENNETH COUNCE,

    Plaintiff,

v.

                                        Case No. 13-3199-JTM

RYAN WOLTING, ET AL.,

    Defendants.

**MEMORANDUM AND ORDER**

Before the court are plaintiff's Motion for More Definite Statement (Dkt. 117) and Motion for Failure of Defendant Ploutz to Supply the Identities of John Doe 3 and 4 and File Those Names With the Court (Dkt. 121). For the reasons stated below, the court denies both motions.

    **I.**    **Motion for More Definite Statement**

Plaintiff seeks a more detailed explanation of defendants David Chamberlain and Tracy Ploutz's Answer (Dkt. 103). Plaintiff claims these defendants "continuously [made] vague or ambiguous non-responsive denials" to which "there is simply no cognitive reply that can be made." (Dkt. 117. at 1). The court disagrees.

Under Rule 12(e) of the Federal Rules of Civil Procedure, "[a] party may move for a more definite statement of a pleading to which a responsive pleading is allowed but which is so vague or ambiguous that the party cannot reasonably prepare a response." An answer is not a pleading to which a response is allowed. Thus, this motion is improper.

More importantly, these defendants have complied with the pleading rules. Rule 8(b)(1) provides: "In responding to a pleading, a party must: (A) state in short and plain terms its

defenses to each claim asserted against it; and (B) admit or deny the allegations asserted against it by an opposing party." Fed. R. Civ. P. 8(b)(1). Defendants have admitted, denied, or stated that they lacked the knowledge or information to answer the allegations in the complaint. *See* Fed. R. Civ. P. 8(b)(5). Plaintiff argues defendants should include more information, including the identities of those present and the Kansas law that the defendants relied on. Plaintiff, however, bears the burden of alleging that type of information. Regarding plaintiff's request for videos, audio sound recordings, and photographs, defendants are not required to provide such items in their Answer. These items are properly part of initial disclosures and discovery, not pleadings. For these reasons, the court denies plaintiff's Motion for More Definite Statement.

### II. Motion for Failure of Defendant Ploutz to Supply the Identities of John Doe 3 and 4 and File Those Names with the Court

On September 21, 2016, this court ordered defendant Ploutz to file a report with the court identifying John Does 3 and 4 or explaining why he cannot do so. (Dkt. 109. at 2-3). In a report filed with the court on October 21, 2016, defendant Ploutz declared he was unable to identify John Does 3 and 4 and detailed the steps he took in his investigation. (Dkt. 118). The court finds that defendant Ploutz adequately tried to identify John Does 3 and 4. The court therefore denies this motion.

**IT IS THEREFORE ORDERED** this 16th day of February, 2017, that plaintiff's motions (Dkts. 117 and 121) are **DENIED**.

**IT IS FURTHER ORDERED** that defendants shall file a *Martinez* Report by March 17, 2017.

s/ J. Thomas Marten
Chief United States District Judge