## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF KANSAS

KENNETH COUNCE,

       Plaintiff,

v.

                                    Case No. 13-3199-JTM

RYAN WOLTING, ET AL.,

       Defendants.

### MEMORANDUM AND ORDER

Before the court is plaintiff's Motion for Leave to File an Amended Complaint to replace John Doe 3 with Lieutenant Jamie Montoy of the Ellsworth County Sheriff's Department (Dkt. 124). The Ellsworth County defendants have filed a response, objecting to the addition of Lt. Montoy because the motion is untimely, procedurally improper, and futile (Dkt. 128). The time for filing a reply has passed without one being filed. The court therefore considers this motion fully briefed and ready for ruling. For the reasons stated below, the court denies plaintiff leave to amend.

On September 21, 2016, this court ordered defendant Sheriff Tracy Ploutz to file a report on John Doe 3 and 4 by October 21, 2016 (the "Doe Report"), which Ploutz timely filed. Dkts. 109, 118. In the same order, the court cautioned plaintiff that he ultimately bears the burden of identifying the "John Doe" defendants and serving process on them. Dkt. 109 at 3. Further, because of his incarceration status, the court granted plaintiff an additional 60 days to complete these tasks with the following warnings:

> Pursuant to Rules 4(m) and 15(a)(2), the court grants plaintiff until November 21, 2016, to file a motion to amend the complaint for the sole purpose of identifying the unknown defendants and complete service upon them. This is not an opportunity for plaintiff to raise or assert new claims. If plaintiff cannot complete

1

these tasks, he must show good cause for the failure before the stated deadline expires. The failure to complete service as required herein may result in dismissal of the claims against John Doe 3 and 4 without prejudice. Any request for an extension must also be filed before the deadline expires, must include details regarding plaintiff's efforts to identify and serve process on Doe 3 and 4, and must set forth good cause for the failure. The court warns plaintiff that prisoner status and indigency will not constitute good cause.

*Id.* at 2-3.

Plaintiff's motion to amend, filed on February 6, 2017, is untimely. Even if plaintiff did not receive a copy of the Doe Report until after Sheriff Ploutz re-sent it to him on or about December 28, 2016, he offers no explanation why he did not request an extension before the deadline expired or why it took him almost two months later to file the motion. The court finds plaintiff has failed to show good cause for his noncompliance with the court's order and the rules of civil procedure.

The proposed amendment is also futile. *Lind v. Aetna Health, Inc*., 466 F.3d 1195, 1199 (10th Cir. 2006) ("A proposed amendment is futile if the complaint, as amended, would be subject to dismissal."). The applicable statute of limitations requires any claims related to the October 23, 2013 arrest be filed by October 23, 2015. The two-year statute of limitations bars the proposed claim against Lt. Montoy unless the claim relates back to the date of the timely filed original complaint. Rule 15(c)(1)(C) governs relation back of amendments that changes the party or the naming of the party against whom a claim is asserted. That rule provides such an amendment relates back when: 1) the amendment asserts a claim or defense that arose out of the conduct set out, or attempted to be set out, in the original pleading, and 2) the party to be brought in by amendment was served with process within the period provided by Rule 4(m), received such notice of the action that he will not be prejudiced in defending on the merits, and knew or should have known that the action would have been brought against him but for a mistake concerning the proper party's identity. Plaintiff failed to serve process on Lt. Montoy within the

Rule 4(m) deadline even though the court had extended it to November 21, 2016. Because relation back does not apply, the statute of limitation bars any claim against Lt. Montoy, making the proposed claim subject to dismissal. *Garrett v. Fleming*, 362 F.3d 692, 697 (10th Cir. 2004) (the replacement of a "John Doe" defendant with a named party fails to relate back under Rule 15(c)(1)(C) because such an amendment constitutes a substitution of a party rather than the correction of a misnomer); *Watson v. Unipress, Inc.*, 733 F.2d 1386, 1389 (10th Cir. 1984) (same). Accordingly, the court denies plaintiff leave to amend his complaint. Additionally, the court dismisses all Doe defendants that have not been identified and served with process by the 4(m) deadline.

**IT IS THEREFORE ORDERED** this 13th day of March, 2017, that plaintiff's motion for leave to amend (Dkt. 124) is **DENIED**.

**IT IS FURTHER ORDERED** that all Doe defendants are dismissed from this action.

s/   J. Thomas Marten
Chief United States District Judge