IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

KENNETH COUNCE,
        Plaintiff,

v.                                        Case No. 13-3199-JTM

RYAN WOLTING et al.,
        Defendants.

**MEMORANDUM AND ORDER**

This matter comes before the court on plaintiff Kenneth Counce's letter to the Clerk of Court received and filed on December 19, 2019. Though styled as a letter to the Clerk of Court, Counce's submission indicates that he wishes to file a petition under Federal Rule of Civil procedure 5(c) and Rule 60(b) pertaining to an order issued on or about September 22, 2015 by the Honorable Steve Johnson of the Ellsworth County, Kansas District Court. This state court order ostensibly required the Kansas Highway Patrol and the Ellsworth County Attorney to return, among other items of personal property, $520.00 in currency and a 2000 Plymouth Mini Van.

To the extent Counce's letter could be construed as a request for this court to order the Kansas Highway Patrol and Ellsworth County Attorney to return the personal property in question, the court lacks the jurisdiction to do so. This court's judgment as to Mr. Counce's claims became final on March 2, 2018, when the court entered a Memorandum and Order granting summary judgment in favor of all defendants based upon a finding that they were entitled to qualified immunity. (Dkt. 215, 216). Counce appealed that decision, which was affirmed by the Tenth Circuit Court of Appeals on

January 31, 2019. (Dkt. 227). Accordingly, there is no active case or controversy before this court involving these parties for this court to resolve. *See DaimlerChrysler Corp. v. Cuno*, 547 U.S. 332, 126 S.Ct. 1854, 1861 (2006) (explaining the limitation of federal court jurisdiction under Article III of the United States Constitution to actual cases or controversies).

To the extent Counce's letter could be construed as a motion for relief under either Federal Rule of Civil Procedure 5(c) or 60(b), it is likewise denied. Rule 5(c) provides no basis for relief because it is only a procedural rule governing service of pleadings when a case involves a large number of defendants. Rule 60(b) allows a movant to seek relief from a final judgment on various grounds, but subsection (c)(1) of that rule specifies that the motion must be made within a reasonable time, and for reasons listed in sections (b)(1), (2), and (3), not more than a year after entry of the judgment. In this instance, the motion has not been filed within a reasonable time, particularly in light of the fact that Counce pursued a direct appeal of this court's decision to the Tenth Circuit Court of Appeals, which affirmed this court's grant of summary judgment.

Because the court lacks jurisdiction to grant any of the relief requested by Counce, the requests made in his December 19, 2019 letter are DENIED.

IT IS SO ORDERED.

Dated this 20th day of December, 2019.

/s/ J. Thomas Marten
THE HONORABLE J. THOMAS MARTEN
UNITED STATES DISTRICT COURT